# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ELK PETROLEUM, INC., | § | Case No. 19-11157 |
| ELK PETROLEUM ANETH, LLC | § | Case No. 19-11158 |
| RESOLUTE ANETH, LLC | § | Case No. 19-11159 |
| ELK OPERATING SERVICES, LLC | § | Case No. 19-11160 |
| | | |
| Debtors. | | Joint Administration Pending |

## MOTION OF DEBTORS FOR AN ORDER (1) DIRECTING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b); AND (2) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)

The above-referenced debtors and debtors in possession (collectively, the "<u>Debtors</u>") file this *Motion for an Order (1) Directing Joint Administration Pursuant to Bankruptcy Rule 1015(b); and (2) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n)* (this "<u>Motion</u>") and, in support thereof, respectfully represent as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are section 342(c)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 1015-1 of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

5. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by each filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors remain in possession of their assets and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or committee of creditors has been appointed in these cases.

8. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott Pinsonnault in Support of Chapter 11 Petitions and First Day Motions* (the "Pinsonnault Declaration"), filed contemporaneously herewith.

**Relief Requested**

9. By this Motion, and Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors seek entry of an order directing the joint administration of the Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and

one docket for all of the Chapter 11 Cases under the case of Elk Petroleum, Inc. and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ELK PETROLEUM, INC., *et al.*, | § | Case No. 19-11157 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

10. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Elk Petroleum, Inc.) to reflect joint administration of the Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of Elk Petroleum, Inc., Elk Petroleum Aneth, LLC, Resolute Aneth, LLC, and Elk Operating Services, LLC. The docket in Case No. 19-11157 should be consulted for all matters affecting this case.

11. In addition, the Debtors request that the Court waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

**Relief Requested**

12. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petition are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Each Debtor is an "affiliate," as that term is defined under section 101(2) of the Bankruptcy Code, of Elk Petroleum, Inc. ("EPI") or one of its Debtor

subsidiaries. Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that EPI is the direct or indirect parent of each of the Debtors. Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases, stating that "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration." Del. Bankr. L.R. 1015-1.

13. The request for joint administration of interrelated chapter 11 cases is generally noncontroversial and routinely approved by courts in this jurisdiction under similar circumstances. *See, e.g.*, *In re Southcross Energy Partners, L.P., et al.*, Case No. 19-10702 (MFW) (Bankr. D. Del. Apr. 23, 2019); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019); *In re TerraVia Holdings, Inc.*, Case No. 17-11655 (CCS) (Bankr. D. Del. Aug. 3, 2017); In re Bonanza Creek Energy, Inc., Case No. 17-10015 (KJC) (Bankr. D. Del. Jan. 5, 2017); In re Basic Energy Servs., Inc., Case No. 16-12320 (KJC) (Bankr. D. Del. Oct. 26, 2016); In re Key Energy Servs., Inc., Case No. 16-12306 (BLS) (Bankr. D. Del. Oct. 25, 2016); In re Halcón Res. Corp., Case No. 16-11724 (BLS) (Bankr. D. Del. July 29, 2016); In re Seventy Seven Fin. Inc., Case No. 16-11409 (LSS) (Bankr. D. Del. June 8, 2016); In re Millennium Lab Holdings II, LLC, Case No. 15-12284 (LSS) (Bankr. D. Del. Nov. 12, 2015); In re Samson Res. Corp., Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015); In re Quicksilver Res., Inc., Case No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015).

14. On the date hereof, the Debtors commenced the 27 Chapter 11 Cases referenced above by filing petitions for voluntary relief with the Court. Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation, joint administration of the Chapter 11 Cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications,

and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate. The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor shall still file its claim against a particular estate. In fact, all creditors will benefit by the reduced costs that will result from the joint administration of the Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") will be simplified.

15. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

16. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirement under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of a property under Bankruptcy Rule 6004(h). As explained above and in the Pinsonnault Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Because joint administration will prevent the Debtors from having to incur unnecessary expenses and will allow these cases to be administered efficiently, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent they apply.

5

**Notice**

17. Notice of this Motion has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Debtors' 20 largest unsecured creditors; (c) Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 180, Dallas, Texas 75201 (Attn: Sarah A. Schultz), counsel to AB Elk Holdings LLC and AB Co-Invest Elk Holdings LLC; and (d) the appropriate regulatory agencies. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

18. As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). Further, a copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at http://cases.stretto.com/elkpetroleum. The Debtors submit that, under the circumstances and in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form annexed hereto as Exhibit A, (a) ordering the joint administration of these bankruptcy cases, and (b) granting such other and further relief as is just and proper.

Dated: May 22, 2019  **WOMBLE BOND DICKINSON (US) LLP**
Wilmington, Delaware

                                          */s/ Matthew P. Ward*
                                          Matthew P. Ward (DE Bar No. 4471)
                                          Morgan L. Patterson (DE Bar No. 5388)
                                          1313 North Market Street, Suite 1200
                                          Wilmington, Delaware 19801
                                          Telephone: (302) 252-4320
                                          Facsimile: (302) 252-4330
                                          Email: matthew.ward@wbd-us.com
                                                     morgan.patterson@wbd-us.com

                                                    -and-

**NORTON ROSE FULBRIGHT US LLP**
Gregory M. Wilkes (*pro hac vice* pending)
Kristian W. Gluck (*pro hac vice* pending)
Scott P. Drake (*pro hac vice* pending)
John N. Schwartz (*pro hac vice* pending)
Shivani Shah (*pro hac vice* pending)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email:  greg.wilkes@nortonrosefulbright.com
           kristian.gluck@nortonrosefulbright.com
           scott.drake@nortonrosefulbright.com
           john.schwartz@nortonrosefulbright.com
           shivani.shah@nortonrosefulbright.com

*Proposed Counsel to the Debtors and Debtors in Possession*