# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ELK PETROLEUM, INC., *et al.*,[1] | § | Case No. 19-11157 (LSS) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Related Doc. No. 183** |
| | § | |

**DECLARATION OF PATRICK J. BARTELS, JR., IN SUPPORT OF SUPPORT OF AMENDED APPLICATION OF ELK PETROLEUM, INC. FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CHIPMAN BROWN CICERO & COLE, LLP, AS SPECIAL COUNSEL TO ELK PETROLEUM, INC., *NUNC PRO TUNC* TO JUNE 21, 2019, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a)**

I, Patrick J. Bartels, Jr., do hereby declare as follows:

1.     I am over twenty-one (21) years of age, of sound mind, and capable of making this Declaration (as defined herein).  I have been a member of the board of directors (a "Board Member") of Elk Petroleum, Inc. ("EPI") since April 17, 2019.

2.     As a result of my tenure as a Board Member with EPI, my review of relevant documents, and my discussions with other members of the EPI's management team, I am generally familiar with the day-to-day operations, business and financial affairs, and books and records of EPI and the above-captioned debtors (the "Debtors").

3.     I am familiar with all aspects of EPI's decision to retain and employ Chipman Brown Cicero & Cole, LLP ("CBCC" or the "Firm") as special conflicts counsel with respect to these Chapter 11 Cases. I submit this Declaration (the "Declaration") in support of the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers (if required) follow in parentheses): Elk Petroleum, Inc. (8606); Elk Petroleum Aneth, LLC (4449); Resolute Aneth, LLC (0729); and Elk Operating Services, LLC (3197). The address of the Debtors is 1700 Lincoln, Suite 2550, Denver, Colorado 80203.

Amended Application of Elk Petroleum, Inc. for an Order Authorizing the Retention and Employment of Chipman Brown Cicero & Cole, LLP, as Special Counsel to Elk Petroleum, Inc., *Nunc Pro Tunc* to June 21, 2019, Pursuant to Bankruptcy Code Sections 327(a) and 328(a) (the "Amended Application").[2]   Except as otherwise set forth herein, all facts set forth in this Declaration are based upon my personal knowledge or derived from information available to me which I believe to be true and correct.

## EPI'S SELECTION OF COUNSEL

4.     EPI, through its independent board members, desires to employ CBCC because of, among other reasons, the nature of the legal services that will be required in connection with its chapter 11 case.  The services of legal counsel are necessary to enable EPI to undertake an investigation of the following:

a)     EPI's claims against either or both of Elk Petroleum Aneth, LLC, and Resolute Aneth, LLC (collectively, the "Aneth Debtors");

b)     EPI's claims against third parties where Norton Rose Fulbright US LLP ("NRF") has a conflict (or parties in interest raise the issue of a conflict with respect to NRF and the Court so finds);

c)     Any negotiations with third parties with regard to the sale of EPI's interest in Elk Operating Services, LLC;

d)     Contract assignment with respect to the Aneth Debtors' Plan filed in the Bankruptcy Cases;

e)     February 2019 conversion transaction investigation;

f)     Other issues as determined by the Independent Committee; and

g)     Such other matters as the Bankruptcy Court may determine are appropriate for conflicts counsel to handle on behalf of EPI.

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Amended Application.

5.      CBCC was selected based on its extensive experience with and knowledge of large chapter 11 proceedings, and its experience practicing before this Court.  Further, CBCC has long-standing working relationships with counsel to various parties in interest in these Chapter 11 Cases.  Such relationship will allow CBCC and the other retained professionals to work together efficiently to ensure that there is no duplication of efforts.

6.      I believe that CBCC is well qualified and uniquely suited to represent EPI in its chapter 11 case in an efficient and timely manner, accordingly, EPI did not interview other firms for the role of special conflicts counsel.

## RATE STRUCTURE AND COST SUPERVISION

7.      CBCC has informed EPI that their billing rates and material terms for the engagement are comparable to (a) the rates that they charge for non-bankruptcy representations and the material terms for such non-bankruptcy engagements and (b) the billing rates and terms of other comparably skilled counsel, although CBCC does discount its rates on occasion in certain state court and other litigation matters (where circumstances warrant) and work on certain matters on a contingent fee basis.

8.      In my capacity as a Board Member, I will work closely with the Debtors' CRO, in addition to the Debtors' management team, to supervise CBCC in the ordinary course of business.  EPI understands that it is their responsibility to track its professionals' billing practices to be sure that the fees and expenses the Debtors' estates pay are fair and reasonable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 21, 2019

*/s/ Patrick J. Bartels, Jr.*

Patrick J. Bartels, Jr.